### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JACQUELINE BROWN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 25-cv-2051-DWD** |
| | ) | |
| **SEAN FEATHERSTUN et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Jacqueline Brown has filed a *pro se* Complaint naming Sean Featherstun (Chief States Attorney), Trent Page (Chief, Mount Vernon Police Department), Victor Koontz (Captain, Mt. Vernon Police Department), Kevin Jackson (Sergeant, Mt. Vernon Police Department), Jeff Bullard (Jefferson County Sheriff), Jason Herzing (FBI Agent), and John Doe Officers. Plaintiff purports to assert claims under 42 U.S.C. § 1983 against these individuals and seeks leave to proceed *in forma pauperis* ("IFP"). Because Plaintiff seeks IFP status, her complaint is subject to review under 28 U.S.C. § 1915(a)(1).

### I.   Legal Standard

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in this case. But the Court's inquiry does

not end there, because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the Complaint filed by an IFP plaintiff (those filed by prisoners and non-prisoners alike).

A court can deny a qualified plaintiff leave to file IFP or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a motion to proceed IFP, a district court should inquire into the merits of the plaintiff's claims, and if the court finds that the case lacks merit under the criteria listed in § 1915(e)(2)(B), it should deny leave to proceed IFP. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

## II.   Complaint

Plaintiff contends that her constitutional rights were violated during a law-enforcement investigation focused on her son. According to the Complaint, on July 11, 2023, October 26, 2023, and February 28, 2024, Defendant Featherstun, the Chief States Attorney for Jefferson County, Illinois, approved "24 hour illegal eavesdropping device[s]" that were worn into Plaintiff's residence by an "unregistered and unreliable informant" for the purpose of recording Plaintiff's son selling narcotics in a controlled-buy setting. Defendant Featherstun approved the devices without receiving a "judicial warrant." On these occasions, Plaintiff and other individuals in her residence were

recorded without their permission. Plaintiff contends these actions violated her constitutional rights, 720 ILCS 5/14 (Illinois eavesdropping statute), and 18 U.S.C. § 2511. Plaintiff further alleges that her rights were violated on March 5, 2025 when various John Doe law enforcement officials "fabricat[ed] false evidence" to facilitate an illegal search of her home, without a valid search warrant, and without providing Plaintiff with a copy of the search warrant.

The Complaint indicates Plaintiff is asserting the following claims: "Count I – Fourteenth Amendment Due Process Violation (Fabrication of Evidence)"; "Count III – Illegal Eavesdropping" in violation of 720 ILCS 5/14-1 *et seq.*, 50 U.S.C. § 1809; and the Fourth Amendment; and "Count V – Fraud and Misrepresentation" alleging Defendants "knowingly allowed their Officers in the Department narcotics unit and the Federal Bureau of Investigations to commit fraud by presenting a false charge using unreliable confidential informant…to wear the eavesdropping device inside the plaintiff['s] home to catch the plaintiff['s] son." (No Count II or IV appear in the Complaint).

### III.   Discussion

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived her of a constitutional right, and that the defendant was personally involved in the alleged violation. *See D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015); *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). A complaint must also contain sufficient factual matter, accepted as true, to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3

First, other than Defendant Featherstun, the Complaint contains only generic, conclusory allegations against the defendants. It does not identify any specific acts or omissions by any individual defendant that violated Plaintiff's rights. These threadbare allegations are insufficient to plead personal involvement. *Iqbal*, 556 U.S. at 678.

Second, Defendant Featherstun, the Chief State's Attorney who allegedly approved the eavesdropping devices, is entitled to absolute prosecutorial immunity from damages under § 1983. *See Agrawal v. Pallmeyer*, 313 F. App'x 866, 867-68 (7th Cir. 2009).

Third, Jason Herzing, the FBI agent, is a federal officer acting under color of federal law and therefore is not a proper defendant under § 1983. Any claim against him would have to proceed under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). While *Bivens* covers allegations of Fourth Amendment violations in the form of a warrantless search, there "is room for debate" about whether allegations of fabricated evidence fall within *Bivens*. *See* e.g., *Walton v. Wardrip*, No. 2:25-CV-230-PPS-JEM, 2025 WL 2912287, \*2 (N.D. Ind. Oct. 9, 2025); *Rodriguez v. Bennett,* No. 3:18-CV-899-TLS-JEM, 2025 WL 2459265i, \*5-6 (N.D. Ind. Aug. 25, 2025). Regardless, Plaintiff has not alleged facts showing Agent Herzing's personal involvement in any constitutional violation.

Fourth, the substantive allegations fail to state a plausible Fourth Amendment or statutory claim. Plaintiff alleges that an informant wore eavesdropping devices into her residence to record controlled buys involving her son, and that she and other occupants were recorded without permission. However, the Complaint does not allege facts showing that the informant entered the home unlawfully or without consent of those present. In typical controlled-buy scenarios, an informant who is invited inside has lawful

4

access to the areas where the transactions occur, and the use of a recording device does not transform the encounter into an unconstitutional search because there is no reasonable expectation of privacy in what is voluntarily disclosed to the informant. *See United States v. Thompson*, 811 F.3d 944, 949-50 (7th Cir. 2016); *Green v. Boedigheimer*, No. 18 C 8269, 2024 WL 4213241, at *6 (N.D. Ill. Sept. 17, 2024). Plaintiff's claims under the Illinois eavesdropping statute (720 ILCS 5/14) fail to state a claim under § 1983 because a violation of state law, standing alone, does not establish a violation of the U.S. Constitution. *See Windle v. City of Marion, Ind.*, 321 F.3d 658, 662 (7th Cir. 2003). Her claims under the federal wiretap statutes (18 U.S.C. § 2511 and 50 U.S.C. § 1809) suffer the same factual deficiencies. While an occupant who is not the target of the investigation might, in some circumstances, be able to state a viable Fourth Amendment claim related to surreptitious video or audio recordings, Plaintiff has not pleaded sufficient facts to support such a theory here.

Fifth, the fabrication-of-evidence claim fails as a matter of law. The Due Process Clause and Fourth Amendment protect against the use of fabricated evidence to obtain a wrongful conviction or pretrial detention of the plaintiff herself; they do not provide a cause of action when the allegedly false evidence was used only against her son. *See Avery v. City of Milwaukee*, 847 F.3d 433, 439 (7th Cir. 2017); *Lewis v. City of Chicago*, 914 F.3d 472, 475 (7th Cir. 2019).

Finally, the incidents alleged on July 11, 2023, and October 26, 2023, appear to fall outside the two-year statute of limitations that governs § 1983 and Illinois personal-injury

5

claims. *See* 735 ILCS 5/13-202; *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998); *Dickens v. Illinois*, 753 F. App'x 390, 392 (7th Cir. 2018).

For these reasons, the Complaint will be dismissed without prejudice for failure to state a claim.

### IV.    Conclusion

For the aforementioned reasons, the Complaint is **DISMISSED** without prejudice. Plaintiff is granted leave to file an amended complaint within 14 days of this order. Any amended complaint must comply with FED. R. CIV. P. 8(a)(2), identify the specific defendants to be held liable, and plead facts showing each defendant's personal involvement in a plausible constitutional violation. Failure to file a timely amended complaint will result in dismissal of the action with prejudice and without further notice

Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. 4) is **DENIED**; the court will reconsider this decision *sua sponte* should Plaintiff file a meritorious amended complaint.

**SO ORDERED.**

**Dated: March 30, 2026**

s/ *David W. Dugan*
**DAVID W. DUGAN**
**United States District Judge**

6